ON RECONSIDERATION ON MANDATE FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.
The Supreme Court of Florida quashed this court’s previous opinion[1] and remanded for reconsideration in light of its decision in Banks v. State, 887 So.2d 1191 (Fla.2004).
Pursuant to a negotiated plea, Basdeo Shiva (Defendant) entered a nolo conten-dere plea to offenses committed on December 20, 1996, and was sentenced to 64.2 months in prison followed by probation. After the supreme court issued Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule), he filed a rule 3.850 motion for postconviction relief. He claimed he negotiated to receive a sentence at the bottom of the sentencing guidelines range, attaching a copy of his actual 1995 scoresheet, showing a range of 64.2 months to 107 months. He sought resentencing at the bottom of the 1994 sentencing guidelines, attaching a proposed scoresheet which showed a sentencing range of 55.35 to 92.25 months. He did not seek to withdraw his plea. This court affirmed without prejudice to his filing an amended motion challenging the voluntary and intelligent character of his plea. The supreme court has quashed that opinion and remanded for reconsideration in light of Banks.
The supreme court held in Banks that “Heggs imposes a bright-line test that precludes individuals from challenging their plea agreements when the sentences imposed pursuant to those agreements could have been imposed under the 1994 guidelines without a departure.” 887 So.2d at 1194. Taking into consideration the fact that Defendant’s sentence fell within what he claimed was his proper 1994 guidelines range, we affirm the trial court’s summary denial of Defendant’s rule 3.850 motion for postconviction relief.
AFFIRMED.
FARMER, C.J., STONE and HAZOURI, JJ., concur.

. Shiva v. State, 782 So.2d 501 (Fla. 4th DCA 2001), quashed, 894 So.2d 923 (Fla.2005).